GILES et ux. v. LEHMAN.

No. 11195.

Court of Civil Appeals of Texas.
San Antonio.

June 24, 1942.

C. C. Bryant, of Harlingen, for appellants.

Carter & Stiernberg, of Harlingen, for appellee.

NORVELL, Justice.

This is an appeal from a judgment awarding appellee, V. V. Lehman, doing business as Lehman Buick Company, a recovery of $583.89 against appellants, W. H. Giles and Margaret M. Giles, together with a foreclosure of a chattel mortgage lien upon a 1939 Buick automobile and certain household furnishings and effects.

 Appellee in his petition pleaded that "on or about November 3, 1941, plaintiff sold and delivered to W. H. Giles an automobile described as follows:

> 1939 Buick Coupe '46' bearing license number of 1941 165–683 and motor number 43664484.

As consideration for the payment of said automobile, the defendants W. H. Giles and Margaret M. Giles have executed and delivered to plaintiff their one certain promissory note and chattel mortgage lien, said note being dated November 3, 1941, and being for the principal sum of $575.00, due and payable on November 10, 1941, * *."

Appellants pleaded under oath that the sale of the automobile involved was a "subsequent sale," and that the provisions of the Certificate of Title Act had not been complied with. See Acts 1939, 46th Leg. p. 602, and amendments by 47th Leg. 1941, H. B. No. 205, p. 343, Article 1436—1, Vernon's Ann. Penal Code.

Trial was to the court without a jury. No findings of fact and conclusions of law were requested or filed. It, however, appears conclusively that no certificate of title under the act above mentioned was ever issued or delivered to appellants.

In our opinion the disposition of this case is controlled by Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938, 943, wherein Chief Justice Price of the El Paso Court discussed at length the application of the Certificate of Title Act to a transaction similar to the one here involved and came to the conclusion that a recovery could not be had upon a note given as part of the purchase price of an automobile, when the sale which gave rise to the obligation was not made in conformity with the act. In the opinion it is stated that "if the title to this car never passed, the consideration for the note and mortgage has totally failed." It is noted that § 53 of the Act prescribes that "All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with."

 Appellee in this case declared upon a completed sale and a note and mortgage given in consequence thereof. The pleadings are not sufficient to justify our holding that the trial court impliedly made findings that the transaction involved was a "contract to sell" as distinguished from a "sale," or that appellants were estopped to plead the statute and non-compliance with the provisions thereof as a defense to appellee's cause of action.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing of his asserted cause of action.