## FULCHER v. HALL.

### No. 4268.

Court of Civil Appeals of Texas. El Paso.

Dec. 31, 1942.

Harry M. Jones and Jones & Jones, all of Mineola, and B. B. Hemphill, Jr., of Dallas, for appellant.

D. A. Webb, of Fort Worth, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the County Court at Law of Dallas County. B. G. Hall, as plaintiff, sued W. H. Woodard, L. E. Rackley and H. E. Davis, as defendants, on an unpaid check in the sum of $375, payable to the order of W. H. Woodard, and signed by defendants Rackley and Davis, and endorsed in blank by defendant Woodard to plaintiff. Plaintiff sued out a writ of attachment against Woodard and the writ was executed by the seizure of a used Chevrolet automobile, as the property of Woodard. In due time A. W. Fulcher filed a proceeding in trial of right of property, claiming title to and right of possession of the automobile. The issues were drawn up and settled in this proceeding. On agreement of all parties, the two proceedings were consolidated. The trial of the consolidated proceedings was before the court, judgment entered denying Hall any relief as to defendants Rackley and Davis, awarding Hall judgment against Woodard in the sum of $341.50, foreclosing the attachment lien on the automobile against Woodard and Fulcher, and giving plaintiff Hall a judgment against claimants Fulcher and the sureties on his bond in the sum of $341.50, providing same might be satisfied by the return of the automobile to the sheriff. Claimant Fulcher has duly perfected this appeal.

B. G. Hall will herein be referred to as plaintiff, A. W. Fulcher, as claimant, Rackley, Davis and W. H. Woodard, as defendants.

The material facts herein are uncontroverted. The check upon which this action was instituted was dated March 15, 1941, and given by Rackley and Davis to Woodard as the purchase price of the second-hand automobile in question here. It was negotiated to plaintiff by Woodard in payment of a pre-existing indebtedness in the sum of $341.50, and in further consideration of the check of Hall for the balance. Rackley and Davis stopped payment on their check; plaintiff likewise stopped payment on his check to Woodard. All parties to this case are secondhand automobile dealers. Defendants all conducted their business in the City of Dallas. Claimant conducted his business in Mineola, Texas.

Claimant acquired the possession of this car from C. B. Smith about December 24, 1940. Smith had acquired title to the car on or about April, 1939, or, in any event, before the Certificate of Title Law went into effect. After the law went into effect he traded it to claimant as part payment on another car. In an attempt to confer title on claimant he signed a blank application for certificate of title thereto, and signed a blank endorsement thereof delivering this instrument to claimant. Claimant did not secure a certificate of title to the car, but exposed the car for sale on his lot. Smith thereafter claimed no title to the car.

Defendant Woodard acquired possession of this car from claimant under the following circumstances: He gave claimant a check for $375 as the purchase price of the car, and before claimant would accept same assured him the check was good and that he had funds in the bank to pay same and that same would be paid. In reliance on these representations he delivered the car to Woodard together with the signed blank application of Smith for certificate of title. The representations of Woodard as to the check were false, and when same was presented it was not paid, and Woodard had no funds in the bank to pay same.

Possession of the car was delivered to Woodard March 13th or 14th, 1941. He immediately took the car to Dallas where, in consideration of the check for $375 (the check in suit), he attempted to sell same to Rackley and Davis. He delivered the possession of the car to them. He likewise filled out the blanks in the blank application of Smith, and there appears thereon a purported affidavit of Smith as to the truth of the statements in the application. The jurat on this application is dated March 15, 1941. Smith never made this affidavit, never appeared before any notary, but same was filled in below his signature. Presenting this application to the County Tax Collector of Dallas County, Woodard succeeded in obtaining the recommendation of that official that the certificate of title be granted. On the same day Woodard executed an application for certificate of title, reciting that he had purchased the car from C. B. Smith. Presenting this application to the County Tax Collector of Dallas County with his affidavit, he secured the Collector's approval and recommendation that he be issued a certificate of title. These documents he delivered to Rackley and Davis at the time he delivered them the car, and he received their check for $375.

Plaintiff's writ of attachment against Woodard issued and was levied on the 18th day of March, 1941. Claimant filed the trial of right of property proceeding on the 31st day of March, 1941.

So far as the statement of facts shows, the Department of Public Safety has never delivered any certificate of title to any one on this car. The car was a used car, registered in Texas at the time C. B. Smith delivered possession thereof to the claimant in December, 1940.

■ Under these undisputed facts, we take it to be that the legal title to this automobile is still vested in C. B. Smith. A certificate of title had never been issued thereon at any time relevant to these proceedings. See Vernon's Annotated Penal Statutes, Art. 1436—1, Secs. 1–63; Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938, and authorities there cited; Commercial Credit Co. v. American Mfg. Co., Tex.Civ.App., 155 S.W. 2d 834, writ refused; Giles v. Lehman, Tex. Civ.App., 163 S.W.2d 720.

■■ We take it that claimant Fulcher at all times had a legal right to have Smith obtain and transfer title to him. Elder Chevrolet Co. v. Bailey County Motor Co., supra. Further, that Woodard, having obtained the possession thereof from the claimant by fraud, was never lawfully entitled thereto; that Rackley and Davis, having rescinded their contract of purchase, never acquired title or right of pos-

session. Woodard never had any title, either legal or equitable, to this used car. The levy of plaintiff's attachment created a lien only on the interest of defendant in attachment, Woodard. Claimant had a right to rescind the sale. Heinze v. Marx, 4 Tex.Civ.App. 599, 23 S.W. 704, writ refused.

It is ordered that .the judgment against claimant and his bondsmen be in all things reversed, and judgment as to such matter is rendered as follows: that the property be released from the attachment of plaintiff, and claimant and his sureties be discharged from liability on the bond. In so far as the judgment adjudges recovery against defendant Woodard in favor of plaintiff, same is affirmed; likewise, the judgment in favor of defendants Rackley and Davis is affirmed, there being no appeal therefrom.

WALTHALL, J., not participating.