ASSOCIATES INV. CO. v. NATIONAL
CITY BANK OF WACO et al.
No. 2892.

Court of Civil Appeals of Texas. Waco.

June 22, 1950.

Bryan, Maxwell & Bryan, Waco, for appellant.

Barney A. Garrett, Waco, for appellees.

HALE, Justice.

The National City Bank of Waco, hereafter referred to as the Bank, sued Olan Morgan on a promissory note and chattel mortgage covering two automobiles, making Associates Investment Company, a corporation, L. A. Miller and Sam McKinney parties defendant to its suit. It alleged in substance that after Morgan had executed the note and mortgage sued upon he attempted unlawfully to sell one of the mortgaged automobiles to Miller and the other to McKinney without furnishing to either of them a certificate of title to either car; that the Investment Co. was asserting some character of right, title or interest in and to both automobiles by reason of such purported sales; and that the claims of the Bank were prior and superior to those asserted by the defendants. It sought judgment against Morgan for the amount of its debt and a foreclosure of its lien as a superior claim on both automobiles against all of the defendants.

Associates Investment Co. answered the suit with a general denial and a cross-action against the Bank, Morgan, Miller and McKinney. It alleged that the asserted lien of the Bank was invalid because the latter had failed to have its lien noted on the certificates of title covering the mortgaged automobiles; that Morgan had conditionally sold one of the automobiles to Miller and the other to McKinney and as a part of the purchase price each vendee had executed his note payable to the order of the vendor, the conditional sales contracts reserving in the vendor title to each automobile until each purchase note was paid; and that Morgan had sold and assigned to it the note and conditional sales contract executed by Miller and McKinney, respectively. It sought judgment against Morgan, Miller and McKinney for the amount of the debts evidenced by the notes which it held against them and a foreclosure of its lien as a superior claim on both automobiles against all cross-defendants in its cross-action.

The case was tried before a jury. Upon the conclusion of the evidence, however, it was agreed in open court by all parties to the suit that there was no disputed issue of fact in so far as the controversy between the Bank and the parties adverse to it were concerned. Thereupon, the trial court rendered judgment in substance as follows: (1) in favor of the Bank against Morgan for the amount of the indebtedness sued for with a foreclosure of the Bank's lien on both automobiles as against all parties adverse to it; (2) in favor of the Investment Company against Morgan, Miller and McKinney for the sums due and owing by them on their notes with a foreclosure of the Investment Company's lien on both automobiles as against all parties adverse to it; and (3) decreeing that the lien of the Bank on both automobiles was prior and superior to the lien of the Investment Co. on either automobile. The Investment Co. alone has appealed from the judgment and it will hereafter be referred to as appellant.

A correct disposition of the appeal turns upon the challenged validity, priority and superiority of the conflicting liens, rights and interests asserted by appellant and the

Bank, respectively, with reference to the automobiles in controversy. Each contends in effect that by reason of the provisions contained in Art. 1436—1 of the Penal Code of Texas, known as the Certificate of Title Act, the asserted lien of the other is invalid and that the claimed rights and interest of each litigant in and to the automobiles in dispute are prior and superior to the rights and interest asserted by the other. Hence, appellant says the judgment from which it has appealed should be reversed and the Bank says the judgment should be affirmed.

The evidence material to the legal questions presented upon the appeal is undisputed. It appears therefrom that Morgan, a used car dealer, had a line of credit with the Bank for the purpose of assisting him in financing his business operations. Prior to April 16, 1949 he had purchased five used cars from various persons and had received a certificate of title to each which had been executed in blank and delivered to him by the sellers. On the latter date he borrowed $4750.00 from the Bank and executed his note for that amount, due in 30 days, securing the payment thereof by a chattel mortgage covering the five used cars. As was his custom, he delivered to the Bank the certificate of title to each car, together with the current state license receipt for each. On May 18, 1949, he made a payment on this note to the Bank, renewed the balance due thereon in the sum of $1700.00 for 30 days, and extended the chattel mortgage on two of the automobiles, they being the two cars involved in this suit, as continuing security for the payment of his debt to the Bank. One of these automobiles was a 1949 model Ford which Morgan had purchased in Tennessee and the other was a 1946 model Ford purchased in Texas. The Bank caused the certificate of title issued in Tennessee covering the 1949 Ford to be processed in Texas so as to show the name of Morgan as owner and to note thereon a lien in favor of the Bank for the sum of $1500.00. However, the Bank did not cause the certificate of title covering the 1946 Ford which was purchased in Texas to be processed and it did not have its lien noted thereon but it did retain in its exclusive possession at all times the certificate of title and the current state license receipt relating to each and both of the automobiles in suit.

Under date of May 17, 1949 Morgan entered into two conditional sales contracts at Texas City with McKinney and Miller, respectively, by the terms of which he purported to sell the 1946 Ford to the former and the 1949 Ford to the latter. In consideration thereof each purchaser executed his promissory note payable to the order of Morgan in monthly installments, covering a part of the purchase price for each car. These sales contracts and notes provided that the title to each car was to remain in Morgan until the purchase price notes had been paid. Morgan did not exhibit or deliver to either of the purchasers any certificate of title to either car but advised them that the title papers were in Waco. He then sold and assigned to appellant, without recourse, the notes and conditional sales contracts herein declared upon by appellant under a warranty that each motor vehicle was free of all liens and encumbrances and that he had no knowledge of any facts which would impair the validity of the instruments assigned or render them valueless. At the time appellant acquired the notes and liens declared upon, it had no actual knowledge of any prior transaction between Morgan and the Bank.

Under all the facts in evidence before us we cannot say the trial court erred to the prejudice of appellant in foreclosing the liens herein asserted and decreeing in substance that the lien and claims of the Bank with respect to each and both of the automobiles in dispute are prior in right and superior in equity to the adverse lien and claims of appellant with respect thereto. Clade v. National City Bank of Waco, Tex. Civ.App., 229 S.W.2d 815, and authorities. By referring to the opinion of this court in the Clade case it will be observed that the material facts arising out of the transactions between the Bank, Morgan and the other parties there involved are similar to and in many respects identical with the facts involved in the cause now before us and we

see no valid reason why the conclusion which we reached in the Clade case should not be given controlling effect in its application to the questions of law presented upon the present appeal.

The Certificate of Title Act as embraced in Art. 1436—1, Vernon's Penal Code of Texas, is broad and comprehensive, consisting as it does of 64 sections and various subsections. The legislative intent in the enactment thereof as expressed in Sec. 1 was in part to prevent the sale of encumbered motor vehicles without the enforced disclosure to the purchaser of any and all liens for which any such motor vehicle stands as security. To that end the Act provides in effect in Secs. 33, 51 and 53 thereof that no used car may be disposed of at any subsequent sale unless the owner shall have in his possession a proper receipt or certificate of title covering such car and shall transfer the certificate of title in the manner and form therein specified, showing that there are no liens against the motor vehicle disposed of except such as are noted on the certificate of title. It is expressly provided in Sec. 53 that "all sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with." In harmony with the foregoing provisions the Act further provides in Secs. 44 and 46 thereof that no lien on any motor vehicle to which a receipt or certificate of title has been issued shall be valid as against third parties without actual knowledge thereof, or against creditors of the mortgagor, or enforceable against the motor vehicle of any such third parties, unless the notation of said lien shall have been caused to be made on such receipt and certificate of title as provided in the Act.

Applying the above provisions of the Act to the facts in this case it is readily apparent that the purported sales by Morgan to McKinney and Miller, respectively, were each invalid and void with the result that no legal title passed to either under the conditional sales contracts relating to the automobiles in dispute. Arts. 1434 and 1435, Vernon's Penal Code of Texas; Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938;

Commercial Credit Co. v. American Mfg. Co., Tex.Civ.App., 155 S.W.2d 834 (er. ref.); Giles v. Lehman, Tex.Civ.App., 163 S.W.2d 720; Fulcher v. Hall, Tex.Civ.App., 170 S.W.2d 321; McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144, pt. 10; Reeb v. Danley, Tex.Civ.App., 221 S.W.2d 579; Deahl v. Thomas, Tex.Civ.App., 224 S.W. 2d 293, er. ref. n. r. e. Since such attempted sales were invalid and void we do not think appellant acquired any right, title or interest in or to either automobile that was superior in equity to the claims asserted by the Bank. If the Bank had permitted Morgan to retain possession of the certificates of title without causing its lien to be noted thereon and if McKinney, Miller or appellant had acquired any valid interest from Morgan in either automobile through reliance upon the recitals contained in the certificate of title covering either car, then under such circumstances the lien of the Bank, although not void, would undoubtedly have been invalid and unenforceable as against appellant and its claims to the cars would have been inferior and subordinate in equity to the claims of appellant.

However, it appears that the Bank acted with due diligence in causing the certificate of title which had been issued in Tennessee covering the 1949 Ford to be processed in Texas by having a certificate of title issued in this state in substantial compliance with the Texas Certificate of Title Act, showing that Morgan was the owner of the 1949 Ford, subject to a lien in favor of the Bank to secure an indebtedness in the sum of $1500.00. Consequently, we are of the opinion that the Bank was clearly entitled to a foreclosure of its lien as against all parties adverse to it in so far as the 1949 Ford is concerned.

Although the Bank did not have its lien noted upon the certificate of title to the 1946 Ford, we do not think appellant is in any position to complain of such omission or defect or of the action of the trial court in foreclosing the Bank's alleged lien against the 1946 Ford and decreeing its rights with respect thereto to be prior and superior to the rights of appellant. Having retained the certificate of title to such automobile in its exclusive possession, the Bank

thereby effectively prevented McKinney and those claiming under him from becoming innocent purchasers for value without notice under the terms of the Certificate of Title Act. Moreover, it does not appear that the transactions between Morgan, McKinney and appellant were in any wise affected by the failure of the Bank to have its lien noted upon the certificate of title covering the 1946 Ford or that a literal compliance by the Bank with all the provisions and requirements of the Certificate of Title Act in respect to both automobiles would have changed or altered the subsequent transactions of the parties or the end results relating to either car.

Therefore, all of appellant's points of error are overruled and the judgment appealed from is affirmed.

TIREY, J., took no part in the consideration and disposition of this appeal.