**Carl BRYANT, Appellant,**

v.

**Sanford HANCOCK, Appellee.**

No. 3338.

Court of Civil Appeals of Texas.

Waco.

Feb. 2, 1956.

Rehearing Denied Feb. 23, 1956.

**526**

Thos. B. Bartlett, Jr., Marlin, for appellant.

Dodson & Reagan, Marlin, for appellee.

McDONALD, Chief Justice.

In February 1955 Hancock, who is in the automobile sales business, "*sold*" Bryant a used 1948 truck for $995. Bryant paid Hancock $300 as a down payment; $12 additional so that Hancock could transfer the certificate of title to the truck properly; and executed notes secured by mortgage for the deferred balance of $695. Hancock had a title certificate which showed ownership in another person than himself, but which was assigned to him on the back. This title certificate, however, was to a *1942* model truck, rather than to a 1948 truck. Hancock kept the keys to the truck; the truck was never delivered to Bryant, and the title certificate was never corrected to show a *1948* truck, nor transferred by Hancock to Bryant.

In July 1955 Bryant as plaintiff sued Hancock as defendant to recover the $312 paid to Hancock, and to cancel the notes and mortgage given. Hancock answered by general denial and filed a cross-action seeking to recover on the notes and for foreclosure of the mortgage.

The Trial Court, without a jury, denied plaintiff Bryant any recovery and granted Hancock judgment on his cross-action for the amounts due under the notes given by Bryant and for foreclosure of same on the truck.

Bryant appeals, contending that where the seller did not give the buyer a certificate of title as provided for in Article 1436-1 of the Vernon's Ann. Penal Code, that 1) title to the truck did not pass and the buyer has a right to rescind the contract; 2) that there was no consideration for the notes and mortgage given by buyer in part payment nor for the $312 cash payment.

It is undisputed that in February 1955, at the time of the attempted "*sale*" of the *1948* truck by Hancock to Bryant, that Hancock had a certificate of title in his possession to a *1942* truck issued in the name of another, but endorsed to Hancock. Hancock himself testified that the truck "*sold*" Bryant was a 1948 model; that the certificate in his possession was to a 1942 model; that he had never had the certificate corrected; that he tendered the truck into court to Bryant, but that he did not tender him a correct certificate of title because he did not have one; that Bryant had paid him $12 to secure a certificate of title to the truck but that he had not done so.

The only question in the case is whether Hancock actually sold Bryant the 1948 truck. If Hancock sold Bryant the truck the case must be affirmed. If there was no sale to Bryant, then Bryant is entitled to rescind the contract and recover his $312 and have the notes and mortgage given Hancock cancelled.

Article 1436-1 Penal Code provides:

\* \* \* Section 33. "No motor vehicle may be disposed of at subsequent sale unless the owner designated in the

certificate of title shall transfer the certificate of title on form to be prescribed by the Department before a Notary Public, * * * *and no title to any motor vehicle shall pass or vest until such transfer be so executed."*

Section 53. *"All sales made in violation of this act shall be void and no title shall pass until the provisions of this act have been complied with."*

In the case at bar Hancock in his cross-action (and in his brief) declares upon a completed sale. The evidence is undisputed and Hancock himself testifies that he did not comply with the provisions of Article 1436–1; that he gave no title to Bryant as required by such article (even though he accepted $12 specifically for so doing); and that he in fact had then and has now no title to a *1948* truck.

Article 1436–1 supra is explicit that unless the seller of a used car comply with its provisions that no title shall pass and the sale is void. Here the seller admits no compliance with such article. If the title to the car never passed from Hancock to Bryant, the consideration for the $312 cash payment and the notes and mortgage paid and given Hancock by Bryant has failed, and Bryant is entitled to recover the $312 and to have the notes and mortgage cancelled. The following cases are directly in point and support the conclusions herein reached: Giles v. Lehman, Tex.Civ.App., 163 S.W.2d 720; Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938; Associates Inv. Co. v. National City Bank of Waco, Tex.Civ.App., 231 S.W.2d 661; Guinn v. Lokey, 151 Tex. 260, 249 S.W.2d 185.

From the foregoing it follows that the judgment of the Trial Court is Reversed, and judgment is here Rendered that plaintiff Bryant have judgment for the $312 sued for and that defendant and cross-plaintiff Hancock take nothing on his cross-action.

Reversed and rendered.