**John B. WILLIAMS, Appellant,**

**v.**

**Lelton BROWN, Appellee.**

**No. 16079.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 9, 1962.

. Charles Ben Howell, Dallas, for appellant.

Palmer & Palmer, and William T. Ward, Dallas, for appellee.

WILLIAMS, Justice.

Lelton Brown sued John B. Williams alleging damages by virtue of fraud, breach of contract, and conversion. Plaintiff alleged that he had entered into an oral agreement with defendant whereby defendant was to sell plaintiff a 1958 Ford automobile for an agreed price of $1,129, payable $100 in cash and $42 per month. Plaintiff alleged that defendant warranted and represented to him that there were no liens on the automobile and that defendant would convey to plaintiff a good and unencumbered certificate of title to the automobile. Plaintiff took possession of the car after making the down payment of $100 and thereafter made monthly payments until he paid in excess of $350 on the purchase price. Plaintiff alleged that defendant deliberately breached his contract and wrongfully repossessed the automobile; that in truth and in fact the automobile was encumbered with a lien of $1,100 in favor of a bank, and that defendant failed and refused to deliver to him proper certificate of title, as agreed. Plaintiff contended that had it not been for the false and fraudulent representation concerning the character of the title to the automobile that he would not have purchased same.

Following a non-jury trial judgment was rendered in favor of plaintiff in the sum of $350 from which judgment defendant appeals.

■ In his first two points on appeal appellant contends that the trial court erred in rendering judgment for the plaintiff based upon fraud and misrepresentations concerning the existence of a prior mortgage lien and the failure to deliver a certificate of title to the automobile, for the reason that the failure to comply with Art. 1436–1, Vernon's Ann.P.C. is equally chargeable to both buyer and seller, and that as matter of law, plaintiff had no loss or damage growing out of such misrepresentations. Neither of these points are germane to assignments of error contained in appellant's motion for new trial filed in the trial court. Rule 418–b, Texas Rules C.P. provides that points on appeal must be germane to assignments of error contained in motion for new trial, when same is required. In this case, being tried before the court without a jury, no motion for new trial was required, but appellant elected to file same. In the recent case of Burnett v. Meletio, Tex.Civ.App., 351 S.W.2d 912 we held that when a motion for new trial is filed in a non-jury case the moving party, on appeal, is confined to the assignments presented in said motion. Rule 323, T.R.C.P. Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453. Accordingly, appellant's points one and two are insufficient for our consideration.

■ Even if such points were sufficiently presented they would require our overruling same. The essence of appellant's contention is that Art. 1436–1, § 53, Penal Code provides that all sales made in violation of the Act shall be void and no title shall pass until the provisions of the law have been complied with and since the evidence is uncontradicted that appellant did not deliver a certificate of title in compliance with the Act, nor did appellee demand and receive the certificate of title as required by the Act, then appellee is without recourse, as a matter of law. We disagree with this contention. The general rule is announced in 58 A.L.R.2d 1361 to the effect that where the seller has failed to comply with statutes concerning transfers of title which declare that a sale shall be void or that no title shall pass unless and until the statutes are complied with, or which are construed to have that legal effect, the buyer may repudiate the sale and recover the amount he has paid for the vehicle. This rule is followed in Texas as evidenced by the case of Bryant v. Hancock, Tex.Civ. App., 287 S.W.2d 525, 58 A.L.R.2d 1348 wherein the court said:

"Article 1436–1, supra, is explicit that unless the seller of a used car comply

with its provisions that no title shall pass and the sale is void. Here the seller admits no compliance with such article. If the title to the car never passed from Hancock to Bryant, the consideration for the $312 cash payment and the notes and mortgage paid and given Hancock by Bryant has failed, and Bryant is entitled to recover the $312 and to have the notes and mortgage cancelled. The following cases are directly in point and support the conclusions herein reached: Giles v. Lehman, Tex.Civ.App., 163 S.W.2d 720; Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938; Associates Inv. Co. v. National City Bank of Waco, Tex.Civ.App., 231 S.W.2d 661; Guinn v. Lokey, 151 Tex. 260, 249 S.W.2d 185."

Further support of this rule is the case of Rush v. Smitherman, Tex.Civ.App., 294 S.W.2d 873 wherein the court held that a contract to sell without delivery of the certificate of title is not illegal as between the parties. Gregory v. Laird, Tex.Civ. App., 212 S.W.2d 193; Hicksbaugh Lbr. Co. v. Fidelity & Casualty Co. of N. Y., Tex.Civ.App., 177 S.W.2d 802; Fulcher v. Hall, Tex.Civ.App., 170 S.W.2d 321.

█ As a general rule, even though the parties to an illegal contract are in pari delicto, it is held that if the contract remains executory and the contract does not involve moral turpitude but is merely malum prohibitum, either party may repudiate and recover the money or property he has advanced under it. 12 Am.Jur. Contracts, § 216. Where the illegality lies in the failure of the seller to transfer a certificate of title to the vehicle, the contract is regarded as executory, and the buyer may repudiate the contract and recover the consideration. 58 A.L.R.2d 1361. As was held in Schroeder v. Zykan, Mo.App., 255 S. W.2d 105, a sale without a certificate of title is malum prohibitum rather than malum in se, and so the buyer may repudiate the contract while it is executory and secure a refund of the purchase price.

By his points three and four appellant contends that appellee's proof of payment and compliance with the contract of sale is supported by (1) no evidence; (2) insufficient evidence; and (3) contrary to the great weight and preponderance of the evidence. These points have required us to review the entire record in the light of the familiar rule concerning "no evidence" and "insufficient evidence" as well as the rule of "contrary to the great weight and preponderance of the testimony". In re King's Estate, 150 Tex. 622, 244 S.W.2d 660; "No Evidence and Insufficient Evidence Points of Error" Tex.Law Rev. Robert W. Calvert, Vol. 38, pp. 361–372. Having complied with these rules and carefully reviewed the entire record we are unable to agree with appellant's points three and four and the same are therefore overruled.

█ It is not necessary for us to detail here all of the evidence adduced upon the trial of this case concerning payments made by appellee to appellant under the contract of sale. It is sufficient to state that appellee testified that he made the payments when due and, in fact, paid more than was required of him under the contract at the request of appellant. Appellant testified that appellee did not pay the payments and this justified his repossession of the automobile. The trial court made findings of fact at the request of appellant wherein, among other things, it was found that appellee had made the payments under the contract and that the same amounted to $350 for which judgment was rendered. Appellant candidly concedes that the testimony is conflicting on the question of payments but earnestly argues that appellee's testimony is not worthy of belief and amounts to no evidence at all. We cannot agree. The trial court acted as judge of both the law and the facts. We are unable to say, in the light of the evidence adduced, that reasonable minds could not have

reached the same conclusion as did the trial court. Neither are we able to say that the findings of the court is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong.

The judgment of the trial court is affirmed.