**A. L. CRAIG et al., Appellants,**

**v.**

**STEPHENVILLE STATE BANK, Appellee.**

**No. 3992.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 1, 1965.

Rehearing Denied Nov. 5, 1965.

David L. Tisinger, Austin, Clyde Sweeney, Stephenville, for appellants.

Ennis Favors, Stephenville, for appellee.

WALTER, Justice.

The Stephenville State Bank filed suit against A. L. Craig and Miller Rhoades on

a note for $10,500.00, secured by a chattel mortgage on two trailers. It also sued J. H. Stelfox and Miller Rhoades on a note for $7,350.00, secured by a chattel mortgage on two trailers.

Rhoades and Stelfox filed a verified answer in which they denied execution of the note sued on. Stelfox and Rhoades also filed a motion for summary judgment in which they alleged that the note sued on was the consideration moving from them to the bank for the sale of two truck trailers weighing in excess of 4,000 pounds, each being subject to the Certificate of Title Law of the State of Texas. They further alleged in said motion that the title to said vehicles had never been transferred to the bank on any of the trailers involved, and that the bank, therefore, had never issued or delivered a certificate of title to Rhoades or Craig. It further contended that the sale was made in violation of the Certificate of Title Law and that such sale was void and that the note sued upon was void.

Craig also filed a verified answer in which he pleaded there was no consideration for the note sued upon; that the bank did not comply with the Certificate of Title Law and therefore the note sued upon was void; that he had requested the bank to deliver a certificate of title to the trailers but it had refused. Craig also pleaded that he was entitled to the return of $2,000.00 which he had paid to the bank.

The bank had repossessed some trucks and Trailers from Hamilton Trailer Company. It also secured a release from the referee in bankruptcy of the Hamilton bankrupt estate. It sold all this equipment to Rhoades for $21,000.00. Rhoades executed his note for $21,000.00 and a chattel mortgage on the equipment to the bank and took possession of the equipment. Rhoades told the bank at the time of purchase that he did not want the trailers in his name.

In a non-jury trial the court rendered judgment for the bank. Rhoades, Stelfox and Craig have appealed.

The judgment recites that all parties and their attorneys appeared and waived a jury and announced ready for trial. In this non-jury case, no motion for a new trial was a prerequisite to an appeal. Rule 324 Texas Rules of Civil Procedure. However, the appellants J. H. Stelfox and Miller Rhoades filed motions for a new trial. In their motions they did not assign as error the action of the court in rendering judgment on the merits at a hearing on motion for summary judgment, neither did they assign as error the action of the court in overruling their motions for summary judgment. However, they have points on these two matters.

The Supreme Court held in Park v. Essa Texas Corporation et al., 158 Tex. 269, 311 S.W.2d 228, that in a non-jury case a motion for a new trial was not a prerequisite to an appeal but the filing of such a motion was not prohibited. The court held that in such a case where a "non-prerequisite" motion for a new trial had been filed, the time for filing the record in the Court of Civil Appeals began to run from the date the motion for new trial was overruled. The court said in Burnett v. Meletio, Jr., Tex.Civ.App., 351 S.W.2d 912, (Writ Ref.N.R.E.) :

> "While it is true that in a case tried before the court a motion for new trial is not essential for appeal, yet it is equally true that when a motion for new trial is filed the moving party, on appeal, is confined to the assignments presented in said motion. Rule 323, Texas Rules of Civil Procedure; Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453."

See also Williams v. Brown, Tex.Civ.App., 362 S.W.2d 177. Based upon the foregoing authorities we cannot consider Rhoades and Stelfox' points that the court erred in granting judgment on the merits at a hearing on motion for summary judgment and in overruling their motions for summary judgment.

The appellants' points that the court erred in not holding that the attempted sales

of the trailers to Craig and Stelfox were void because of the bank's failure to deliver the certificates of title to appellants, cannot be sustained.

Mr. Maguire, the executive vice-president of the bank, testified that when Rhoades sold the trailers to Craig Craig's note was applied on Rhoades' $21,000.00 note to the bank; when Rhoades brought the Stelfox note to the bank it was placed in what they called a reserve account; that sometime thereafter some of the credits from the reserve account were applied to Rhoades' $21,000.00 note until it was paid off and at such time he refunded $750.00 interest to Mr. Rhoades, because it had been paid before maturity.

At the time this suit was filed, the transaction which Rhoades originally had with the bank wherein he purchased certain trucks and trailers and paid for them by executing his note to the bank for $21,000.00 had terminated. Neither Rhoades nor the bank complied with the Certificate of Title Law. The transaction amounted to a contract to sell. Such a contract to sell without delivery of the certificate of title is not illegal as between the parties. Rush v. Smitherman, Tex.Civ.App., 294 S.W.2d 873, (Writ Ref.).

Craig testified that he purchased the trailers from Rhoades. He was asked, "Actually you didn't buy the trailers, did you" and he answered, "Yes, I did" and he was asked, "You bought them outright" and he answered, "Yes."

Mr. Maguire testified the agreement was that the bank would keep the titles until the notes were paid. He was asked, "That was your agreement with Mr. Rhoades or Mr. Craig" and he answered, "Everybody concerned." Stelfox testified that he purchased the trailers from Mr. Rhoades and that he signed a note in blank and a chattel mortgage in blank and gave them to Mr. Rhoades.

No findings of fact or conclusions of law were requested by the appellants. "It is elementary that when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law." The City of Abilene v. Meek, Tex. Civ.App., 311 S.W.2d 654, 656, (Writ Ref.).

Section 1 of Article 1436–1, Vernon's Ann.P.C., known as the Certificate of Title Act, provides:

" * * * in the enactment hereof it is hereby declared to be the legislative intent and public policy of this State to lessen and prevent the theft of motor vehicles and house trailers, and the importation into this State of, and traffic in, stolen motor vehicles and house trailers, and the sale of encumbered motor vehicles and house trailers without the enforced disclosure to the purchaser of any and all liens for which any such motor vehicle or house trailer stands as security, and the provisions hereof, singularly and collectively, are to be liberally construed to that end."

The bank did not sell or offer to sell the trailers to Craig and Stelfox. The record shows conclusively that Rhoades made the sales. At the time the bank financed the Stelfox and Craig notes, it had in its possession the certificate of title to said trailers. In First State Bank of Corpus Christi v. Austin, Tex.Civ.App., 315 S.W.2d 390, (Writ Ref.), the court said: "The money lender may protect himself by retaining the title papers in his possession or by causing a lien to be noted upon the papers."

We have considered all of the appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.