**Martha B. PEREZ, Appellant,**

v.

**Isidore SANDOVAL et al., Appellees.**

**No. 4133.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 24, 1967.

Rehearing Denied March 17, 1967.

COLLINGS, Justice.

Martha B. Perez brought suit against Isidore Sandoval, doing business as Sandy's Auto Sales, and Federal Service Finance Corporation of Texas. She alleged fraud on the part of Sandoval in the sale to her of a used Chevrolet automobile; that the note given by her in part payment thereof provided for payment of usurious interest and that it had been sold to defendant Federal Finance Corporation, to whom plaintiff was required to pay such usurious interest. Plaintiff further alleged that the defendants failed and refused to deliver title to the automobile. She sought judgment that the contract of sale of the automobile be set aside and held for naught, that she recover the $300.00 down payment and the eight payments of $49.60 each made by her thereon, and that she recover $500.00 exemplary damages. Plaintiff further sought judgment for triple the amount of the alleged usurious interest collected from her. The trial was to the court without a jury and judgment was rendered that plaintiff take nothing. She has appealed.

Appellant urges one point in which she contends that the court erred in not finding as a matter of law that the sale was void because of the failure of Sandoval to deliver to her title to the automobile.

Section 33, Article 1436–1, Vernon's Ann. P.C. provides that no title to any motor vehicle shall pass or vest until the certificate of title shall be transferred to the purchaser. Sections 51, 52 and 53 provide that it is unlawful to buy an automobile in Texas without demanding of the seller the registration receipt and certificate of title and that all sales made in violation of the certificate of title law shall be void and that no title shall pass until the provisions of the act have been complied with.

The court made the following findings of fact material to appellant's contention. That Martha B. Perez and Isidore Sandoval executed a conditional sales contract providing for the purchase and sale of a 1959 Chevrolet automobile for a price of $1,095.00, with a cash down payment of $100.00 and an allowance of $200.00 as trade-in for appellant's old automobile. Insurance premiums and finance charges were added to the balance which appellant agreed to pay in twenty-three monthly installments of $49.60 each; that appellant made eight payments of $49.60 called for by the contract; that at the time of executing said contract appellant did not then demand of Isidore Sandoval the registration receipt and Certificate of title covering the motor vehicle described in the contract, but that subsequent to the institution of this suit appellant's attorney requested of the attorney for Sandoval that the Certificate of title to the automobile in question be made available to appellant for the purpose of obtaining 1966 license plates. No Certificate of title to said automobile was delivered to appellant in response to such request.

It was further found by the court that there was no fraud, misrepresentation or malice on the part of Sandoval in the execution of the contract and that the contract was not usurious.

We overrule appellant's contention that the court erred in failing to hold that the sale was void, as a matter of law, because Sandoval failed to deliver to her title to the automobile. It is held that a contract to sell an automobile without delivery of title certificate is not illegal as between the parties. Rush v. Smitherman, 294 S.W.2d 873 (CCA 1956, writ ref.). Appellant recites and relies upon Bryant v. Hancock, 287 S.W.2d 525, 59 A.L.R.2d 1348 (CCA 1956, no writ history). In our opinion, however, the facts of that case are distinguishable from those of the instant case. In that case Hancock sold Bryant a used 1948 truck for $995.00. Bryant paid Hancock $300.00 as a down payment and an additional $12.00 to cover the transfer of the certificate of title to the truck. Bryant also executed notes secured by a mortgage for the deferred balance of $695.00. The evidence is undisputed that Hancock did not comply with Article 1436–1, supra. He gave no certificate of title to Bryant, although he accepted $12.00 for that specific purpose. He, in fact, had no title to the 1948 model truck, but did have a title certificate to a 1942 model truck. Hancock kept the keys to the truck which he sold to Bryant and possession of the truck was never delivered to him. In the instant case appellant as purchaser had possession of the vehicle from the date of the contract to the time of the trial and made eight monthly installments on the agreed purchase price during that period.

Neither Sandoval nor Mrs. Perez complied with the Certificate of Title law. The transaction between them was a contract to sell. As heretofore noted such a contract to sell without delivery of a Certificate of Title is not illegal as between the parties. Something more than a mere failure to deliver a certificate is necessary to set aside and hold for naught such a contract of sale. Craig v. Stephenville State Bank, 395 S.W.2d 421 (Ct.Civ.Apps. 1965, writ dis.). In the instant case there

was no showing of any misrepresentation by appellee concerning the automobile or the title thereto which would support the setting aside of the sale as there was in Bryant v. Hancock, supra, and in Williams v. Brown, Tex.Civ.App., 362 S.W.2d 177. The findings of the court that there was no fraud on the part of Sandoval in the execution of the contract of sale and that such contract was not usurious are supported by the evidence. Appellant has failed to sustain her burden of proving facts or ciricumstances which entitle her to have the contract of sale declared void because of the failure of Sandoval to deliver to her title to the automobile in question.

The judgment is affirmed.