**T. J. JEFFERIES, Sr., Appellant,**

v.

**ANCHOR HOCKING GLASS CORPORATION, Appellee.**

**No. 505.**

Court of Civil Appeals of Texas, Tyler.

Nov. 12, 1970.

Condos & North, Steven G. Condos, Dallas, for appellant.

Ungerman, Hill, Ungerman & Angrist, Robert C. McGuire, Dallas, for appellee.

McKAY, Justice.

Appellee sued T. J. Jefferies, Sr. (hereinafter called Senior), and T. J. Jefferies, Jr. (hereinafter called Junior), individually, jointly and severally, and d/b/a Jefferies Manufacturing and Supply, a co-partnership, on verified account for goods, wares and merchandise. Appellee had an alternate plea that Senior and Junior and Mildred Jefferies, the wife of Junior, were engaged in a joint venture and enterprise in the business known as Jefferies Manufacturing and Supply, and that Senior was liable on express or implied contract or in quantum meruit. Both Senior and Junior, under oath, denied the existence of a part-

nership. The trial was before the court without a jury, and judgment was for appellee against Senior and Junior, jointly and severally, and d/b/a Jefferies Manufacturing and Supply for $8,973.43. Only Senior brings this appeal.

Appellant brings sixteen points of error of which twelve are no-evidence points and points contending the evidence was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. The other four points complain of the admission of evidence.

■ No findings of fact or conclusions of law were requested by appellant. When an appellant contests the trial court judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment, and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law. Craig v. Stephenville State Bank, 395 S.W.2d 421 (Tex. Civ.App., Eastland, 1965, writ dism.), City of Abilene v. Meek, 311 S.W.2d 654 (Tex. Civ.App., Eastland, 1958, writ ref.) The purchase order for cocktail and wine glasses, cups, mugs, and ashtrays was signed "Mrs. T. J. Jefferies." The merchandise was billed to Jefferies Manufacturing and Supply Company, Dallas. The evidence reveals the "Mrs. T. J. Jefferies" who signed the purchase order was Mrs. T. J. Jefferies, Jr., wife of T. J. Jefferies, Jr., who also used the name "Mildred Smith" or "Mildred Smith Jefferies." She testified she operated, for four years, two lounges or taverns for her father-in-law, Senior, namely, Anthony's and the Chalet, and that she saw that the businesses were opened and closed, made purchases for them, and kept employees. She testified she generally paid cash for purchases but when unable to do so, she sent the bills to Senior and they would be paid. She could not remember whether any bills sent to Senior had not been approved. She testified that at the time of trial, Senior owned the businesses known as Anthony's and the

Chalet, and that she was still operating them for him.

Mildred Smith Jefferies mailed to Dun and Bradstreet a financial statement of "T. J. Jefferies," which was purportedly signed by him, with a cover letter dated October 29, 1965. The financial statement was signed "Dr. T. J. Jefferies" and showed net worth of more than three million dollars. The letter was on a letterhead of Jefferies Manufacturing Company, and had the notation "Re: T J Jefferies, Sr." thereon, and was signed "Jefferies Manufacturing Company, Mildred Smith, Secretary." A list of credit references was also enclosed with the letter. The purchase order was signed February 4, 1967.

The original answer of both Senior and Junior and Jefferies Manufacturing and Supply, which was admitted in evidence without objection, began: "COMES NOW the Defendants, T. J. JEFFERIES, SR. and T. J. JEFFERIES, JR., d/b/a JEFFERIES MANUFACTURING & SUPPLY, a Co-partnership * * *" and contained only a general denial.

Without objection by Senior, banker Edward C. Nash, Jr. testified that Junior and Senior gave his bank, as additional collateral, a chattel mortgage on some equipment in the Chalet Club.

■ This short rendition of some of the facts is made to indicate the trial court had sufficient evidence upon which to base its judgment against Senior that Mildred Smith Jefferies was his agent and had authority to sign the purchase order in question in such capacity. Jeffries-Eaves, Inc. v. Vernon Company, 435 S.W.2d 573 (Tex.Civ.App., Eastland, 1968, n. w. h.). There was evidence of probative force to support the judgment.

Appellant did not participate in the trial, either in person or by counsel.

It follows that there was no objection by appellant to the evidence claimed to be inadmissible. Appellant chose to file a

motion for new trial but did not raise the inadmissible evidence points in such motion. Craig v. Stephenville State Bank, supra. All of appellant's points are overruled.

Judgment of the trial court is affirmed. ruled.