**Faye ROBINSON, Independent Executrix of the Estate of Clayton P. Robinson, Deceased, Appellant,**

v.

**Jack Thomas DENSMAN, Appellee.**

**No. 6190.**

Court of Civil Appeals of Texas, El Paso.

July 28, 1971.

Rehearing Denied Sept. 22, 1971.

Svanas & Svanas Gloria T. Svanas, Odessa, for appellant.

Selwyn S. Webber, Odessa, for appellee.

OPINION

PRESLAR, Justice.

This is an appeal from a take nothing judgment as to both parties, on action and cross-action, on a note representing the unpaid balance for the purchase of a mobile home. Trial was to the Court without a jury. Only the Plaintiff appeals.

Plaintiff's cause of action is for collection of a note executed by the Defendant, J. T. Densman, and payable to her deceased husband, Clayton P. Robinson, in eighty-

four (84) monthly installments of $70.00 each. Among other defenses, the Defendant-Appellee plead failure of consideration in that the note was for the purchase of a mobile home to which the seller did not have title, and did not deliver title, in violation of the Certificate of Title Act, Art. 1436-1, Vernon's Ann.P.C. The trial Court judgment holds that the note be declared void, that neither party recover of the other, and that they be left in the status quo existing prior to the entry by them into the contract and said note, dated May 21, 1966. We are of the opinion that the judgment should be affirmed.

The Plaintiff, as Appellant, assigns three points of error, the first being:

"The lower Court committed reversible error in overruling Cross-Defendant's pleas in abatement."

■ These were certain pleas lodged against the cross-action asserted by the Defendant against the Plaintiff. We overrule this point for the reason that the Court ruled for the Plaintiff in its judgment and did not allow Defendant to recover anything on his cross-action. Under such circumstances, Plaintiff has suffered no harm by the Court's ruling on the initial presentation of the pleas. Error, if any, was cured by the judgment, as to which she cannot complain of a favorable ruling.

Appellant's point of error Number Two reads:

"The lower Court committed reversible error in the application of the Dead Man's Statute."

■ Appellant urges that the error of the Court was in ruling that she had waived the bar of Art. 3716, Vernon's Ann.Civ.St., commonly known as the "Dead Man's Statute", by the introduction of her Exhibit No. 1. This was an instrument entitled, "Sworn Claim of Creditor" which had been used in another suit and set out the facts of execution and delivery of the note by Densman. It was sworn to by the deceased payee, Robinson. This exhibit is missing

from the record, but it is thoroughly discussed and explained in the statement of facts and the briefs, so that its absence is of no consequence in our consideration of the assigned error. The matters contained in the exhibit, execution and delivery, were admitted by Defendant, Densman. Thus, it was not necessary to rely on that exhibit as permitting him to avoid the application of the Dead Man's Statute and offer evidence on those matters. Prior to his offer of evidence on failure of consideration, the Court instructed the Defendant to proceed with deference to the Dead Man's Statute and without violating it. Thereafter as the Defendant offered evidence, and objection was made, a ruling was had. Appellant points out certain specific rulings as being erroneous, and we have examined them in each instance where objection was made, and we find no instance where the Court permitted testimony concerning a transaction with the deceased which is prohibited by Article 3716, on a matter material enough to constitute reversible error. Counsel for Appellant was diligent in objecting and caused the Court to use great care in passing on each bit of proffered testimony, to the end that no error was committed. The terms of the note were not varied by the testimony, rather, such testimony went to the failure of consideration. Proof of this was made by the testimony of the witness, Mathis, that at the time of the alleged sale and the making of the note, he held the title to the mobile home, and did not surrender it to the seller, Robinson, until some two years later when Robinson completed paying him for it. Mathis was not an interested party and his testimony was not violative of Art. 3716. The same is true of the testimony of the witness, Howard, and the Court sustained objections to the testimony of the party Defendant, Densman, in each instance where such might have been violative of the statute. We perceive no error under this assignment by Appellant.

■ The third assignment of error is that the Court erred in finding that the

promissory note was void. We agree with Appellant that she made out a prima facie case on the note by its admission in evidence and the admission by the Defendant that he executed and delivered it, but the evidence supports the Court's finding that there was a failure of consideration. The evidence is that the note was given for the purchase of a mobile home, that the seller was not in possession of the certificate of title, was in fact, not to get same until he paid for the trailer over a two year period to one Mathis; Hallum, the ultimate purchaser from the Defendant Densman, made thirteen monthly payments and refused to make any more for want of the certificate of title, and returned the possession of the mobile home. Under the provisions of Article 1436–1 V.A.P.C., specifically Sec. 33 and 53, the sale was void and the consideration for the note failed. Bryant v. Hancock, Tex.Civ.App., 287 S. W.2d 525, was a case in which the buyer of a truck sued the seller to recover the cash down payment and to cancel notes and mortgage, and the seller filed a cross-action to recover on the notes and foreclose the mortgage. The Court used language applicable here:

"Article 1436–1 supra is explicit that unless the seller of a used car comply with its provisions that no title shall pass and the sale is void. Here the seller admits no compliance with such article. If the title to the car never passed from Hancock to Bryant, the consideration for the $312 cash payment and the notes and mortgage paid and given Hancock by Bryant has failed, and Bryant is entitled to recover the $312 and to have the notes and mortgage cancelled. The following cases are directly in point and support the conclusions herein reached: Giles v. Lehman, Tex.Civ.App., 163 S.W.2d 720; Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938; Associates Inv. Co. v. National City Bank of Waco, Tex.Civ.App., 231 S.W. 2d 661; Guinn v. Lokey, 151 Tex. 260, 249 S.W.2d 185.

And see Reeb v. Danley, Tex.Civ.App., 221 S.W.2d 579, where the seller did not have certificate of title in his possession and the buyer made no demand for it, and the Court held both in noncompliance with the statute and refused relief to both, as was done in the case before us. The trial Court correctly held this sale void for noncompliance with Art. 1436–1.

All points of error are overruled and the judgment of the trial Court is affirmed.