Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

## CLADE v. NATIONAL CITY BANK OF WACO.

### No. 2888.

Court of Civil Appeals of Texas. Waco.

April 27, 1950.

Rehearing Denied May 18, 1950.

Godard & Dazey, Texas City, for appellant.

Garrett, Garrett & Phillips, Waco, for appellee.

TIREY, Justice.

The National City Bank of Waco brought this suit against Olin Morgan on his promissory note secured by chattel mortgage on automobile and sought foreclosure of its lien against Morgan, Walter J. Clade and Pan American Credit Union. On trial (nonjury) the court entered judgment in favor of the bank for the amount of its debt, interest and attorney's fees and granted foreclosure against all the parties. The court found that Morgan had sold the automobile to Clade without having in his possession certificate of title at the time the sale was made, and that Clade had paid to Morgan $1,552.25 for the car and the court granted judgment in favor of Clade over against Morgan for such sum, with legal interest. All of the defendants excepted and gave notice of appeal, but defendant Clade only perfected his appeal.

 Clade requested findings of fact and conclusions of law and the court found substantially: That in May, 1949 defendant

Morgan was engaged in buying and selling used automobiles and had one place of business in Waco and the other in Texas City, operating under the name of "Morgan Used Cars"; that he was a dealer of used cars within the meaning of Art. 1436—1, Vernon's Ann.Penal Code; that the State Highway Department issued to J. E. Knight certificate of title No. 3514075 covering 1947 Chevrolet Standard Coupe; that Knight sold and delivered this car to Kissenger Chevrolet Company of Wolfe City on May 6, 1949 and executed and delivered the assignment of title bearing said date; that on May 19, 1949 Kissenger Motor Company made a contract to sell this automobile to Olin Morgan and executed the assignment on certificate of title and attached certificate of title with a re-assignment of Kissenger Motor Company, together with the 1949 license receipt, to a draft on Olin Morgan, which draft was drawn on the National City Bank of Waco and provided that upon payment of this draft title to the automobile would pass to Morgan; that Morgan was financing his business through the National City Bank under a plan whereby the bank would lend him the amount of the purchase price of the car and take a chattel mortgage and hold certificate of title, and upon sale of said automobile Morgan would first pay to the bank the purchase price of said car and then the bank would surrender the certificate of title to the dealer on the particular car that was sold and release the chattel mortgage, and upon completion of the sale of the automobile to purchaser, the bank having been paid, the purchaser of the car would get his certificate of title; that under the foregoing plan Morgan purchased the automobile in question on May 19, 1949 and executed and delivered his note in the sum of $1,200.00 to the bank. This note was due thirty days after date and bore interest from date until paid at the rate of ten per cent and provided for attorney's fees. The chattel mortgage and original certificate of title to the automobile, together with the 1949 license receipt, were placed with the bank and have been held by the bank continuously; that Morgan paid nothing on the note when it became due and the bank made demand upon him for payment and he refused to pay; that it was necessary for the bank to employ attorneys to aid it, and that the ten per cent attorney's fee provided for in the note was reasonable; that Morgan, after obtaining possession of the car, exhibited it for sale at his place of business in Texas City; that the bank had no notice that Morgan would execute and close a sale for said car without paying his note to the bank and securing a release of the bank's mortgage and the possession of certificate of title; that Clade purchased from Morgan said car in the month of May, 1949 for the sum of $1,552.25 and that Clade borrowed from the Pan American Credit Union the sum of $1,097.25 with which to pay the purchase price and at the time of the sale Morgan did not have in his possession certificate of title or the current year's state license receipt; that Clade at the time he purchased the car did not require Morgan to surrender to him the certificate of title and current state license receipt, and Clade has never had in his possession either the certificate of title or the current state license receipt for the car; that the 1949 state license receipt and the certificate of title has at all times been in the possession of the bank since Morgan purchased the car; that Morgan has never delivered to Clade a certificate of title to the car; that Morgan has failed to deliver the 1949 state license receipt to the car; that at the time Clade purchased the automobile Kelly Davis was acting as agent of Olin Morgan in making sale and that at the time Davis made the sale to Clade he advised Clade that he did not have possession of the certificate of title and that the certificate of title was in Waco; that at the time Kelly Davis sold the car to Clade that the payment of the purchase price was a condition precedent to delivery of title of said automobile and the assignment of certificate of title by Kissenger Motor Company was properly executed with the exception of the purchaser's name being left blank in order that upon payment of the purchase price of the car the name of the purchaser could be filled in by the dealer, Olin Morgan, and this arrangement

was for the convenience of both of said dealers, said Morgan's place of business being located in Waco, Texas, and Kissenger Motor Company being located in Wolfe City; that Olin Morgan was authorized by the Kissenger Motor Company to complete the assignment form upon payment of the purchase price of said automobile to Kissenger Motor Company.

The court concluded substantially: (1) that Morgan was indebted to the bank on the note in the total sum of $1,364.00 as of the date of the judgment, October 4, 1949, with ten per cent per annum interest on $1,240.00 and six per cent per annum interest on $124.00 until paid; (2) that the chattel mortgage lien as it existed on May 19, 1949 on the car, which was executed and delivered by Morgan to secure the payment of the indebtedness to the bank, was a valid lien and should be foreclosed; (3) that Morgan failed to deliver title to said property to Clade and by reason thereof that Clade has been damaged in the sum of $1,552.25, and that Clade was entitled to recover such sum against Morgan, together with legal interest and costs.

At the request of Clade the court made substantially the following additional findings of fact: That the certificate of title to said automobile was executed in blank; that the bank did not record the chattel mortgage lien on the car in question in Galveston county, to which county Morgan had taken such car and where it was sold to Clade; that the bank did not record its chattel mortgage lien on the car in McLennan county until after such car was purchased by Clade; that the bank did not have a lien noted on the certificate of title to the car through the Motor Vehicle Division of the State Highway Department at Austin and made no attempt to do so; that at the time Clade purchased the car he made a request for the certificate of title and the 1949 license receipt; that the seller's agent advised Clade that the certificate of title was in Waco and promised that the seller would take care of the transfer of title for him and that he would receive duplicate copy of the new certificate of title and that the other copy would be forward-

ed to the Pan American Credit Union in Texas City; that Clade, upon several occasions, made request for the certificate of title and the 1949 license receipt and was advised by the seller's agent that same would be coming in soon; that the bank had knowledge of the fact that Morgan operated a used car lot in Texas City for the purpose of selling automobiles to the general public; that Morgan's agent promised and agreed to have notice of the mortgage lien noted on the certificate of title in favor of Pan American Credit Union as security for money advanced by it as a loan to Clade; that there was never any privity of contract between the bank and Clade; that at the time Clade purchased the car he executed his promissory note to the Pan American Credit Union at Texas City in the sum of $1,180.25 and that this note represented a part of the purchase price of the car, and at the same time Clade executed chattel mortgage lien on the car and delivered the same to Pan American Credit Union as security for such note, and that such note and chattel mortgage are still in the possession of Pan American Credit Union and that such note has not been paid in full.

Appellant assails the judgment of the court on twelve points. We think these points present substantially (1) that the chattel mortgage to the bank was invalid because the bank failed to note its lien upon the certificate of title to said automobile as provided by Art. 1436—1, Vernon's Penal Code of the State of Texas; (2) that since the bank failed to note its lien upon the certificate of title and failed to have its chattel mortgage placed of record prior to the time the car was sold by Morgan to Clade, that Clade was a bona fide purchaser for value without notice; and (3) that since the bank had not noted its lien on the certificate of title and had not made application for a new certificate of title, it had waived its lien on the car and its rights were inferior to Clade's, and that the court erred in holding that the bank had a lien and was entitled to foreclose it.

It is our view, under the record here made, that Clade was not an innocent

purchaser for value without notice under the provisions of Art. 1436—1, Penal Code, supra. It is also our view that each of his contentions has been decided adversely to him in Commercial Credit Co. v. American Mfg. Co., Tex.Civ.App., 155 S.W.2d 834 (writ ref., opinion dated October 10, 1941); also Motor Investment Co. v. City of Hamlin, 142 Tex. 486, 179 S.W.2d 278; also Bank of Atlanta v. Fretz, Tex.Sup., 226 S.W.2d 843. Our Supreme Court in effect has held that Art. 1436—1 of the Penal Code, supra, repealed and superseded those parts of our chattel mortgage registration statutes expressed in Arts. 4000, 5490, 5497 and 5497a, Vernon's Ann.Civ. Stats., in so far as they affect the registration of chattel mortgage liens on motor vehicles. The foregoing cases here cited discuss exhaustively the statutes just above referred to and their application to the registration of mortgages on motor vehicles. The opinions are clear and comprehensive and we think the rule there announced is applicable to the factual situation here and therefore controlling and further comment thereon would be of no avail.

Accordingly, the judgment of the trial court is in all things affirmed.