WORLD FIRE & MARINE INS. CO.

v.

PUCKETT.

No. 12647.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 17, 1954.

Rehearing Denied March 17, 1954.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, Davis, Clemens, Knight & Weiss, San Antonio, for appellant.

James L. Lattimore, Corpus Christi, for appellee.

NORVELL, Justice.

There is apparently no dispute as to the material facts in this case. Both parties moved for a summary judgment. The motion of W. M. Puckett was granted and he was awarded a judgment for $1,900 against The World Fire and Marine Insurance Company of Hartford, Connecticut, under the provisions of an insurance policy covering a 1950 Model 88, Oldsmobile, which had been practically destroyed as the result of a collision. (The policy was written upon a form jointly used by appellant and The Century Indemnity Company. No coverage of the latter company is here involved and judgment was rendered that Puckett take nothing against The Century Indemnity Company. No appeal was taken from this portion of the judgment.)

The controlling question involved is whether or not the policy was in force at the time of the destruction of the automobile.

Appellant contends that Puckett did not own the automobile at the time the loss was sustained and for that reason cannot recover. In the alternative, it argues that the automobile was the subject of a "conditional sale." Puckett sought a recovery under Coverage E of the policy relating to collision or upset. Under the exclusionary clauses of the policy it is provided that Coverage E shall not apply while the automobile is subject to a conditional sale not

specifically declared and described in the policy.

The facts, as disclosed by the affidavits accompanying the motions and the depositions referred to therein, are as follows:

■ Puckett was the owner of a 1950, Model 88, Oldsmobile automobile which was covered by an automobile insurance policy issued by The World Fire and Marine Insurance Company, under the terms of which the insurance company agreed to pay for direct and accidental loss or damage to the automoble caused by collision of the automobile with another object, or by upset of the automobile. Puckett resided in Corpus Christi and on December 24, 1951, he drove to San Antonio in the automobile mentioned. He was accompanied by his wife and her cousin, a Mr. Littleton, and his wife. Puckett entered into negotiations with the Mission Motor Mart for the exchange of his automobile for a 1951, 98 Model, Oldsmobile, which the automobile dealers had upon their lot. About six o'clock in the evening a transaction was completed whereby Puckett delivered his 88 Oldsmobile to Mission Motor Mart and executed an application for transfer of title before a Notary Public, as required by Article 1436-1, § 33, Vernon's Ann.Pen. Code. The name of the transferee was not filled in upon this application, but the party to whom the application was delivered was impliedly authorized to fill in the blank. Associates Inv. Co. v. National City Bank of Waco, Tex.Civ.App., 231 S.W.2d 661; Clade v. National City Bank of Waco, Tex.Civ.App., 229 S.W.2d 815, 2 Tex.Jur. 708; National Bond & Investment Co. v. Mound City Finance Co., Mo.App., 161 S.W.2d 664. Puckett also delivered two checks to Mission Motor Mart, one being his wife's check for $500, and the other, Mr. Littleton's check for $400. Possession of the 98 Oldsmobile was delivered to him, and it was agreed that the checks should be deposited for collection on the next banking day and that the certificate of title to the 98 Oldsmobile should be attached thereto.

On the night of December 25, 1951, the 88 Oldsmobile was almost demolished in a wreck in which one person was killed. Puckett was not aware of this, however, and about 4 o'clock on the afternoon of December 26th, he called his insurance agent and told him he had purchased a 98 Oldsmobile on December 24th, and requested that the insurance be transferred to the new car. The agent told him the substitution would be made "effective December 24, 1951," and an endorsement to that effect was mailed to Puckett.

After this conversation, Puckett was notified of the wreck by a representative of the Mission Motor Mart. Still later he received a telephone call from a woman who identified herself as Mrs. Mary Brice, who claimed to be the owner of the 98 Oldsmobile which Puckett then had in his possession. She stated that the car had been sold to Puckett contrary to her instructions, as she had authorized a sale for cash only. Later, in legal proceedings, Mrs. Brice recovered the 98 Oldsmobile.

It appears from the application for transfer of title and the invoice delivered with the 98 Oldsmobile, as well as from Puckett's deposition, that the parties involved considered that Puckett had sold and finally disposed of his 88 Oldsmobile when he left San Antonio.

It is appellee's contention that the title to the automobile remained in him until the delivery to him of title to the 98 Oldsmobile. This never occurred, and consequently title remained in him at the time of the car's destruction.

■■ We regard the transaction of December 24, 1951, as a completed sale, insofar as the 88 Oldsmobile was concerned. It may be that as a result of the failure of title to the 98 Oldsmobile, appellee would have the right to rescind the sale. But the right of rescission presupposes a contract or a sale. Rescission may sometimes be based upon failure of consideration, breach of warranty, fraud or other circumstances, but we are unwilling to hold that a "sale"

did not exist because such sale might be subject to rescission. The equitable remedy is an alternative to the legal action for damages. The applicability of the policy should not depend upon Puckett's election to recover the 88 Oldsmobile rather than to sue for the value of the 98 car. We hold that at the time of the destruction of the automobile appellee was not the "owner" thereof and had no insurable interest therein. McBride v. Clayton, 140 Tex. 71, 166 S.W.2d 125; Springfield Fire & Marine Ins. Co. v. Bonn, Tex.Civ.App., 194 S.W. 1006.

On the other hand, if it be considered that title to the 88 Oldsmobile remained in Puckett until he received title to the 98 Oldsmobile, or that he retained some interest similar to an implied vendor's lien as in exchange of real property, this is but a way of saying that, although the vendor parted with possession, title remained in him until the consideration was paid. The transaction would then come within the definition of a conditional sale, and under the exclusionary clauses of the policy. London Assurance Corporation v. Dean, Tex.Civ.App., 281 S.W. 624; Fire Association of Philadelphia v. Perry, Tex.Civ.App., 185 S.W. 374; 37 Tex.Jur. 504.

It seems to us that it reasonably appears from the provisions of the insurance contract, that the parties did not intend that the policy should cover a situation such as that disclosed by the record. The risk was rendered materially greater (or different from that originally contemplated) by Puckett's action in leaving the automobile in the possession and control of the servants and agents of the Mission Motor Mart, armed with all proper indicia of ownership.

The judgment of the trial court is reversed and it becomes our duty to render such judgment as should have been rendered below. Rule 434, Texas Rules of Civil Procedure. It is accordingly ordered that appellant's motion for summary judgment be granted and that appellee take nothing against appellant.

Reversed and rendered.