**AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,**

v.

**TRINITY UNIVERSAL INSURANCE COMPANY et al., Appellees.**

**No. 16157.**

United States Court of Appeals Fifth Circuit.

Jan. 18, 1957.

James W. Mehaffy, Keith, Mehaffy, McNicholas & Weber, Beaumont, Tex., for appellant.

Cleve Bachman, Beaumont, Tex., Orgain, Bell & Tucker, Beaumont, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment of the court below, declaring the rights and legal relations of the parties under a garage liability insurance policy, issued to Tom Felton, Inc., covering all automobiles owned by the latter and used for certain purposes. The vehicle involved here was a 1951 Mercury, which was damaged in an accident and which the lower court held to have been delivered to the dealer in a trade for a new car. The basic issue is whether actual delivery of the old Mercury had been consummated at the time of the accident.

The appellant contends that if title to the 1951 car had already passed to Felton at the time of the accident, then title to the 1953 car had likewise passed to the buyer thereof. This we consider an erroneous approach to the problem before the court. The fundamental issue is with reference to the transfer of title to the 1951 Mercury only, not whether the transaction constituted a completed sale, passing title contemporaneously to the respective parties. It is conceded that

there was a valid and enforceable contract of sale entered into between the parties on the morning in question. This contract may have been fully executed as to the old Mercury, while remaining entirely executory as to the new car.

Baker, a prospective purchaser of a new Mercury, reached an agreement with the dealer for the price to be paid for the same, which included a stipulated allowance for his old Mercury. It was impossible to deliver the new car at that time, since a good many things had to be done to it in order to put it in condition for delivery; but the old car was delivered, both parties intending that the transaction should be a completed sale, which immediately passed the title thereof to Tom Felton, Inc., the latter lending it to Baker temporarily for use by him.

In addition to all other facts and circumstances in evidence supporting the lower court's findings of fact as to the intention of the parties, the bringing in of the old car to the premises of the dealer, having the insurance thereon changed, borrowing the car temporarily, and other circumstances, we think that the actual transfer of Baker's insurance from the old car to the new gives a finality to the evidence as to the intention of the parties that is most persuasive. At least, we are unable to say that the findings of fact are clearly erroneous.

The negotiations leading up to this trade took place in Texas; the contract of sale was made in Texas; it was intended to be performed in Texas; and the actual deliveries of the respective cars occurred in Texas; the old car being delivered to the dealer before the accident, and the new car subsequent thereto. The evidence expressly refutes any intention of a contemporaneous delivery of the two cars.

 Our decision of the law of this case in respect to transfer of title to the old car is governed by the law of Texas. The rule in Texas is that title to the old car may pass without regard to the title to the new car. World Fire & Marine Ins. Co. v. Puckett, Tex.Civ.App., 265 S.W.2d 641. Cf. Wilson Motor Co. v.

Lamping Motors, Inc., 194 Wash. 416, 78 P.2d 549; Bronner v. Van Cortlandt Vehicle Corp., 198 N.Y.S. 525. Baker having brought the 1951 Mercury to the dealer in a deliverable state, and having released his insurance thereon, it was reasonable for the court below to conclude that title passed, basing its conclusion on the finding that such was the intention of the parties.

Affirmed.