**J. B. COFFIELD, Appellant,**

v.

**INTERNATIONAL HARVESTER COMPANY, Appellee.**

No. 4006.

Court of Civil Appeals of Texas.

Waco.

June 28, 1962.

---

Donald & Donald, Joe H. Cleveland, Bowie, for appellant.

Bowyer & Thomas, Richard C. Bexten, Dallas, for appellee.

McDONALD, Chief Justice.

This case involves the superiority of asserted liens on a used 1959 Ford truck.

International Harvester Company sold the truck to A. F. Brodie, for a down payment, and a note for $2053., which was secured by a chattel mortgage on the truck. International prepared application for a new title certificate, showing title in Brodie, with a lien in favor of International, for the $2053. International gave the application to Brodie to take to the Tax Collector's office (for transmittal to the State Highway Department) instead of attending to the matter themselves. Brodie in some manner (not material here), secured the issuance of a title certificate, showing title in himself, but which did not show International's lien.

Thereafter, Brodie borrowed $900. from J. B. Coffield; executed notes therefor; and then signed his name on the reverse of the title certificate on the line marked "Seller," and delivered the certificate to Coffield. Brodie did not date the instrument, did not sign before a Notary, and the space provided for the name of the purchaser was left blank. Coffield kept the "Certificate of Title," and says that it was delivered to him to be held as security for the $900. notes.

Brodie did not pay International its note, and did not pay Coffield his notes. International sued Brodie on its note, and sought foreclosure of its chattel mortgage lien on the truck. Coffield intervened, seeking judgment on his notes, and asserting a lien, superior to International's, on the truck.

Trial was before the court without a jury, which, after hearing, entered judgment against Brodie, for International on its note, and for foreclosure of its chattel mortgage lien on the truck; and against Brodie, for Coffield on his notes. The Trial Court affirmatively held that International's chattel mortgage lien was superior to any claim of Coffield.

Coffield appeals, contending the Trial Court erred in holding International's chattel mortgage lien "superior to the Original Certificate of Title held by Coffield as security for his notes."

Since International had the responsibility, under Article 1436–1, Vernon's Texas Penal Code, to secure the issuance of a title certificate showing its lien, and did not do so, it had no lien under the Certificate of Title Act. Bank of Atlanta v. Fretz, 148 Tex. 551, 226 S.W.2d 843; Credit Ind. Corp. v. Pacific Finance, Tex.Civ.App., W/E Refused, 329 S.W.2d 945. Nevertheless as between International and Brodie, its chattel mortgage lien is valid and enforceable; and Brodie retained possession of the truck.

Brodie's action in signing his name in blank on the reverse side of the Title Certificate, and delivering same to Coffield will not pass title to the truck to Coffield. Sec. 33, Art. 1436–1, Tex.Penal Code; Hoskins v. Carpenter, Tex.Civ.App., (n. r. e.), 201 S.W.2d 606. And such action will

not establish a lien on the truck in favor of Coffield. Coffield has no lien on the truck. He already has judgment against Brodie for his claim. The Trial Court did not err in foreclosing International's chattel mortgage lien on the truck. Affirmed.