Aline BALLARD, Appellant,

v.

ASSOCIATES INVESTMENT CO., Appellee.

No. 16166.

Court of Civil Appeals of Texas.

Dallas.

May 3, 1963.

Rehearing Denied May 24, 1963.

Fritz & Vinson and John R. Bryant, Dallas, for appellant.

Robert R. Cole, Dallas, for appellee.

WILLIAMS, Justice.

Summary judgment proceeding. Rule 166–A, Texas Rules of Civil Procedure. The suit was originally filed by G. F. C. Corporation (which is not a party to this appeal) against Aline Ballard (also known in this record as Aline Ballard Washington), seeking a judgment for balance due on a note and foreclosure on a chattel mortgage executed by defendant, and also seeking judgment against the original payee and lien holder, Morris Robinson, from whom G. F. C. Corporation took an assignment. The automobile in question was sequestered by G. F. C. Corporation and later sold by the Sheriff and the proceeds placed in the

Registry of the Court. Associates Investment Company filed its intervention alleging that it held a chattel mortgage and superior lien on the automobile in question securing a note signed by Morris Robinson and alleging a balance due on the note in the sum of $750. Associates Investment Company sought judgment for the balance due against Morris Robinson, and for foreclosure on its chattel mortgage lien against all parties to this action.

The record reveals that Morris Robinson delivered to Associates Investment Company the original title certificate to the automobile, same being signed in blank by John K. Mumford, the original owner, said certificate revealing that said automobile was free of any lien. Associates Investment Company held the title certificate at all times pertinent to this cause of action. The record also reveals that at the time Aline Ballard took possession of the automobile from Morris Robinson he did not deliver to her a certificate of title, nor was any certificate ever delivered to her. The record is not clear as to whether or not Aline Ballard demanded a certificate of title upon delivery of the automobile to her. The trial court sustained a motion for summary judgment filed by Associates Investment Company and rendered judgment against Morris Robinson for the unpaid balance of the note, and against Morris Robinson and Aline Ballard, and all other parties, for foreclosure of the chattel mortgage lien held by Associates Investment Company. Following severance of the causes of action Aline Ballard only appeals.

■ Appellant's principal point on appeal reads: "The court erred in granting summary judgment for appellee." This point does not comply with Rule 418, T.R.C.P. in that it is too general in nature. White v. Great American Reserve Ins. Co., Tex.Civ.App., 342 S.W.2d 793; Little v. Employees Security Life Ins. Co., Tex.Civ.App., 343 S.W.2d 517. However, as we pointed out in the Little case, where the grounds upon which appellant apparently

relied are disclosed in the statements and arguments accompanying the point on appeal we would consider said point, though not sufficient to meet the requirements of the rule.

From appellant's statement and argument under the point we gather that it is her contention that there is an issue of fact as to whether she made a demand on Morris Robinson for the certificate of title at the time she took possession of the automobile. She says therefore that a fact issue is presented that she was an innocent purchaser for value. Appellee, by countervailing point, contends that the record is undisputed that appellant did not receive a certificate of title from Morris Robinson at the time she purchased the automobile and she thereby failed to comply with the mandatory provisions of the Texas Certificate of Title Act and lost her status as an innocent purchaser without notice of appellee's lien. Moreover, says appellee, by its possession of the Certificate of Title to the vehicle, the appellee effectively prevented the appellant from in fact purchasing the automobile under the Certificate of Title Act.

Appellee contends further that even admitting that appellant made a demand on Morris Robinson to produce the certificate of title she did not follow through and receive same; that a mere demand not coupled with effective conduct on the part of appellant is not sufficient. The Texas Certificate of Title Act, being Art. 1436–1, Texas Penal Code, by Section 52 thereof, provides that it shall be unlawful to buy or acquire any title other than a lien in a motor vehicle without then and there demanding of the proposed seller the registration receipt and certificate of title covering the particular motor vehicle which shall, upon consummation of the purchase, be transferred upon such form as may be provided by the Department. Section 33 of said Act provides that no motor vehicle shall be disposed of at subsequent sale unless the owner designated in the certificate of title shall transfer the certificate of title which shall state, among other matters, that the signer

234

is the owner of the motor vehicle, and that there are no liens against such motor vehicle, except as are shown by the certificate of title and "no title to any motor vehicle shall pass or vest until such transfer be so executed." Section 45 of the Act provides that: "Exposure for sale of any motor vehicle by the owner thereof with the knowledge or consent of any mortgagee shall not affect the rights of any mortgagee as against all third parties."

■ It must be borne in mind that the question here presented relates to the rights as between appellant and appellee and not the right as between appellant and Morris Robinson. A sale of an automobile not in compliance with the Certificate of Title Act has been held to be valid as between the parties. Rush v. Smitherman, Tex.Civ. App.; 294 S.W.2d 873, err. ref. However, where a third party's rights are involved, the owner's sale made without compliance with the Certificate of Title Act is void. Griffin v. Moon, Tex.Civ.App., 288 S.W.2d 543; Erwin v. Southwestern Investment Co., 147 Tex. 260, 215 S.W.2d 330 and Coffield v. International Harvester Co., Tex. Civ.App., 359 S.W.2d 211.

■ It is our opinion that the record in this case demonstrates conclusively that Aline Ballard was not an innocent purchaser for value of the automobile in question and therefore, no fact issue being presented, the trial court was correct in granting summary judgment. The case of Clade v. National City Bank of Waco, Tex.Civ. App., 229 S.W.2d 815, wr. ref. n. r. e., is directly in point in both fact and law. In that case the certificate of title to said automobile was executed in blank and held by the Bank which took the chattel mortgage on the automobile. Clade purchased the automobile from the mortgagor and requested the certificate of title and license receipt but the mortgagor advised Clade that the certificate of title was not available and promised that he would take care of the transfer of title for him. The court held that under these facts, very similar to the

one in the case under consideration, that Clade was not an innocent purchaser for value and that the lien of the Bank was superior. The case of Associates Investment Co. v. National City Bank of Waco, Tex.Civ.App., 231 S.W.2d 661 is also directly in point. Under almost similar facts the court held that the lien of Associates Investment Company in that case was superior and subject to foreclosure and that the purchaser was not one in good faith.

Appellant's remaining point is found to be immaterial and is overruled. It relates to alleged error of the court in overruling appellant's motion to strike the answers of Morris Robinson to certain requests for admission of fact filed by appellant. Morris Robinson is not a party to this appeal and the requests for admissions become immaterial in view of what we have said in connection with the foregoing point of error.

The judgment of the trial court is affirmed.