**UNITED STATES of America, Petitioner–Appellee,**

v.

**1977 PORSCHE CARRERA 911 VIN 9117201924, LICENSE NO. 459 DWR, Respondent,**

**Joseph A. Turner, Claimant–Appellant.**

**No. 90–8638.**

United States Court of Appeals, Fifth Circuit.

Oct. 30, 1991.

ity of the statements allegedly made to him by Birdwell.

Terrence W. Kirk, Austin, Tex., for claimant-appellant.

Ronald F. Ederer, U.S. Atty., San Antonio, Tex., Katherine L. Smith, Asst. U.S. Atty., Austin, Tex., for petitioner-appellee.

Before CLARK, Chief Judge, REAVLEY and JONES, Circuit Judges.

CLARK, Chief Judge:

## I.

This is an appeal of a civil judgment ordering forfeiture of a motor vehicle which was purchased with funds derived from the sale of controlled substances and subsequently used to facilitate the distribution of controlled substances. The claimant Joe Turner is a lawyer. Turner asserts an ownership interest in the car which his client Saxon Hatchett conveyed to him in partial satisfaction of legal fees. The United States filed a Complaint for Forfeiture pursuant to The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 881(a)(4)(C) and (a)(6).[1] The district court granted forfeiture. 748 F.Supp. 1180. The court held that Turner failed to meet his burden of proving that he had an innocent ownership interest because his "cloak and dagger" dealings with the car indicated he was willfully blind to the car's involvement with drugs. We affirm, albeit on different grounds.

## II.

In September 1988 Hatchett obtained possession of a 1977 Porsche Carrera 911, VIN 9117201924, License No. 459 DWR ("Porsche 911"). He did not, however, register the title and transfer in ownership of the Porsche 911 with the State Department of Highways and Public Transportation until May 26, 1989. Hatchett purchased the Porsche 911 with proceeds derived from the unlawful sale of 3,4–methylene–dioxymethamphetamine, otherwise known as ecstasy, a controlled substance under 21 U.S.C. § 801. He also used the Porsche 911 to facilitate the distribution of 40,000 dosage units of ecstasy. In April 1989, Hatchett was arrested and charged with drug offenses and conspiracy to commit murder.

After a previous attorney became unable to represent Hatchett, Turner met with Hatchett just prior to his arraignment on May 1, 1989. During a May 1, 1989 meeting, Turner testified he made an oral agreement with Hatchett to represent him for $50,000. Hatchett offered Turner $6,500 in cash and the 1977 Porsche Carrera 911. On May 2 Turner and Hatchett signed a written form contract which specified that in consideration of Turner's representation, Hatchett agreed to pay a retainer in the amount of $50,000, including the $6,500 received on May 2, in full by May 9, 1989. The contract did not mention the Porsche 911.

On May 2 Turner took physical possession of the Porsche 911. On that same day, Austin Police Officer Ed Booth in-

---

1. 21 U.S.C. §§ 881(a)(4)(C) and (a)(6) state in relevant part:

    (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

    (4) All ... vehicles ... which are used ... to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances] ... except that—

    (C) no conveyance shall be forfeited under this paragraph to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge, consent, or willful blindness of the owner.

    (6) All ... things of value furnished ... by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange ... *except* that no property shall be forfeited under this paragraph, to the extent of the interest of any owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

formed Turner by telephone that the Porsche 911 was subject to forfeiture by the United States Government. Turner did not, at that time, reveal the location of the vehicle. On May 4, Special Agent James Hughes of the United States Drug Enforcement Administration ("DEA") also informed Turner that the Porsche 911 was subject to forfeiture and that the government "was looking for it." Turner did not respond to the agent, but did inform the district court at the close of Hatchett's detention hearing that he had taken the Porsche 911 in partial satisfaction of his legal fee for representing Hatchett.

On May 18 DEA agents seized the Porsche 911 from Turner's premises pursuant to a seizure warrant. The agents sought a seizure warrant when officers were informed that Hatchett was about to sell the Porsche 911 to a third party. Hatchett subsequently registered his title to the Porsche 911 with the State Department of Highways and Public Transportation on May 26. Hatchett assigned legal title to Turner on June 5. On July 14, 1989, Hatchett entered a guilty plea to Title 21, 21 U.S.C. § 846, waived all rights, title, and interest in the Porsche 911, and acknowledged that he used the car to facilitate the sale of drugs and that the car constituted proceeds from unlawful substance trafficking. The certificate assigning title to Turner remains unrecorded.

### III.

#### A. Standard of Review

■ The district court's findings of fact are subject to the clearly erroneous standard of review. *See United States v. One 1986 Nissan Maxima GL.*, 895 F.2d 1063, 1065 (5th Cir.1990); *United States v. One 1987 Mercedes 560 SEL*, 919 F.2d 327, 330 (5th Cir.1990). A determination whether the facts adduced at a forfeiture hearing constitute proper forfeiture is a question of law subject to de novo review. *One 1987 Mercedes 560 SEL*, 919 F.2d at 330.

#### B. Standing to Contest Forfeiture

■ A party seeking to challenge the government's forfeiture of property used in violation of federal law must first demonstrate a lawful possessory interest of either a legal or equitable nature in the seized item sufficient to satisfy the court of his standing to contest the forfeiture. *See U.S. v. $321,470.00, United States Currency*, 874 F.2d 298, 303 (5th Cir.1989); *United States v. Three Hundred Sixty–Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in United States Currency*, 661 F.2d 319, 326 (5th Cir.1981). In this Circuit we have held that a bailee or agent has standing to attack a forfeiture of property subject to a lawful or even "colorably lawful" bailment or agency. *$321,470.00, United States Currency*, 874 F.2d at 305.

■ The district court characterized Turner's interest in the Porsche 911 at the time he obtained possession as one in which Hatchett "owned" the car but gave his interest to Turner to apply toward his legal fees. Under all the facts here, Turner obtained Hatchett's right to possess the car, even though he held no indicia of ownership or title. Turner's position is generally equivalent to that of a bailee or agent of Hatchett. We agree with the district court's legal conclusion that Turner acquired a possessory interest in the Porsche 911 which was sufficient to fulfill the standing threshold and allow him to contest its forfeiture.

#### C. The Government's Interest

■ The government acquired an interest in the Porsche 911 at the time Hatchett purchased the car with proceeds from drugs and subsequently used the car to facilitate drug trafficking 21 U.S.C. § 881(a)(4) and (6). The parties do not dispute that the government made a probable cause showing that the Porsche 911 was subject to civil forfeiture. Once the government establishes such probable cause, the burden shifts to the claimant to prove by a preponderance of the evidence that the property either was not used unlawfully or that the illegal use was without the claimant's knowledge or consent. *One 1986 Nissan Maxima GL.*, 895 F.2d at 1065.

### D. *Turner's Interest*

While Turner clearly acquired an equitable right to title and possession of the Porsche 911 which was valid as against Hatchett, we must determine the nature of that right and its validity as against prior adverse claimants such as the United States. Turner asserts that he acquired an ownership interest in the Porsche 911 by Hatchett's oral assignment on May 1. Proof of the terms of that purported assignment are vague. The subsequent writing memorializing their agreement contains neither an assignment of ownership nor a stipulation that the Porsche 911 was to constitute part payment for Turner's fees. Under the most favorable construction of the oral agreement, Hatchett promised to secure title and transfer it to Turner. Turner failed to prove more than an equitable right to require Hatchett to convey title.

Turner erroneously relies on *United States v. Currency Totalling $48,318.08*, 609 F.2d 210 (5th Cir.1980), *reh'g denied*, 612 F.2d 579 (1980) in support of his position that the purported assignment was complete the moment he accepted Hatchett's offer and obligated himself to render legal services. While this case indicates Turner's agreement to represent Hatchett could furnish consideration for the promise to transfer title, it does not deal with title to a motor vehicle, nor with the manner in which legal or equitable ownership in such a vehicle can be created.

■ In drug forfeiture actions, an owner's interest in property is defined by state law rather than federal law. *United States v. Lot 9, Block 2 of Donnybrook Place, Harris County, Texas*, 919 F.2d 994, 1000 (5th Cir.1990). Unlike forfeiture cases involving transferrable currency, the motor vehicle at issue here is subject to the transfer provisions of the Certificate of Title Act under Texas law. According to TEX.REV.CIV.STAT.ANN. art. 6687–1, § 33(a) (Vernon 1990 & Supp.1991), an owner may not dispose of a motor vehicle at a subsequent sale unless the owner designated in the certificate of title transfers the certificate of title at the time the motor vehicle is transferred and uses a form prescribed by the Act. Sections 33 and 53 of the Act provide that any sale made which does not comply with the provisions of the Act is void. Title shall not pass until the parties have complied with the provisions of the Act. It is clearly apparent from the record that Hatchett failed to comply with the provisions of the Certificate of Title Act. He did not obtain a Texas certificate of Title at the time he purchased the car and, in fact, did not receive one until May 26—eight days after the United States seized the vehicle.

■ Texas law holds that the sale of an automobile not in compliance with the Certificate of Title Act may be valid as between the buying and selling parties. (*Cash v. Lebowitz*, 734 S.W.2d 396, 398 Tex.App.—Dallas 1987, writ ref'd n.r.e.; *Phil Phillips Ford, Inc. v. St. Paul Fire & Marine Ins. Co.*, 465 S.W.2d 933, 937 (Tex. 1971). However, this limited validity conferred upon Turner only an equitable possessory interest in the Porsche 911 as against Hatchett and a right to acquire such right, title, and interest as Hatchett possessed at the time of the assignment or could later obtain. An owner's purported transfer of an automobile which does not comply with the Texas Certificate of Title Act does not affect a third party's rights. *Ballard v. Associates Inv. Co.*, 368 S.W.2d 232, 234 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.). Since neither Turner nor Hatchett had a perfected title in the Porsche Carrera 911 on May 2 and 4 when Turner received notice that the Porsche 911 was forfeitable or on May 18 when it was seized, Turner acquired the Porsche 911 subject to the forfeiture interests of the United States.

Under *Currency Totalling $48,318.08*, Turner's verbal notice to the district court on May 4 of his interest in the Porsche 911, given after he was apprised on at least two occasions that the car was subject to forfeiture, did not perfect any right in the vehicle as against the United States and did not comply with the Texas motor vehicle regulations.

When the United States seized the vehicle Hatchett had no recorded title interest. Since he acquired it with drug proceeds and used it in drug transactions, he could never perfect any interest in the vehicle. The only interest that Turner had on May 18 was a possessory interest which was valid only as against Hatchett. Hatchett's later registration and transfer of title to Turner on June 5, well after the United States seized the vehicle pursuant to 21 U.S.C. § 881(h), could not create any recognizable legal or equitable interest in the vehicle. Turner's limited possessory interest remained worthless.

Since such interest as Turner may have had in the Porsche 911 was subject to forfeiture, there is no reason to review the district court's factual determination that Turner was willfully blind in the transaction.

### IV.

The judgment of the district court is AFFIRMED.