968 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robin Rene WARNER, Defendant,
v.
Horace JOHNSTON; Maxine Johnston, Third Party Petitioners-Appellants
 No. 91-3867.
 United States Court of Appeals, Sixth Circuit.
 July 14, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants, third party petitioners, Horace and Maxine Johnston, appeal the district court's order forfeiting real property at 2128 Leonard Avenue to the appellee, the United States, after the criminal trial of Robin R. Warner, defendant.
 
 I.
 
 2
 On May 18, 1990, Robin R. Warner, daughter of appellant Maxine Johnston, and step-daughter of appellant, Horace Johnston, was convicted of a narcotics-related conspiracy which began May 10, 1984. Included in the indictment were five forfeiture counts. Count D involved the forfeiture of 2128 Leonard Avenue in Columbus, Ohio, known as Wildwood Florist Shop, the property at issue in this appeal. The jury returned a special verdict forfeiting Robin Warner's interest in 2128 Leonard Avenue.
 
 
 3
 Pursuant to 21 U.S.C. § 853(n)(1), the United States published a notice of the order of forfeiture. Appellants filed a third-party petition with respect to 2544 Hingham Lane and to 2128 Leonard Avenue, which asserted that they were the owners of these properties.
 
 
 4
 On August 8, 1991, the district court held a hearing to determine whether appellants had a legally recognizable interest in the two properties. At the hearing, appellants presented evidence that they held legal title to 2128 Leonard Avenue in Columbus, Ohio. No evidence was presented to indicate the source of down payment for this property. Appellant Horace Johnston had testified previously at defendant's trial that he was the owner of the property located at 2128 Leonard Avenue, where his wife, Maxine, worked at Wildwood Florist Shop. He testified that in March 1984, it had been defendant Robin Warner's idea to purchase the property located at 2128 Leonard Avenue, which was the site of Wildwood Florists, a business owned and operated by his wife. He testified that a mortgage was obtained from Home State Bank and monthly mortgage payments of $265.18 were paid by him. In response to the question "Did you get reimbursed for this?" he answered, "No. Some." He indicated he received some reimbursement from the flower shop which defendant Robin Warner would give to him, at times, in cash. When asked why defendant did not pay the mortgage payments directly to the bank, he answered, "I can't say that." He testified that he paid the taxes on the property for which defendant Robin Warner reimbursed him and that the mortgage had been paid off.
 
 
 5
 At the forfeiture hearing held on August 8, 1991, Horace Johnston testified that he purchased 2128 Leonard Avenue in 1984 for $30,000 and that he had obtained a mortgage loan of $11,000 to purchase the property. He alleged that he used $18,000 of his own money to purchase the property, that at the time he worked for the City of Columbus for $3 to $4 per hour, and that the $18,000 came from his savings. He characterized the money which he had received from his step-daughter, Robin Warner, to pay the $265.18 monthly mortgage as rent and that he had received this amount from her five times. Under cross examination, he denied stating at trial that defendant Robin Warner had reimbursed him for the mortgage payments and for paying the taxes on the property. He conceded that when defendant gave him money, it was usually in cash.
 
 
 6
 Maxine Johnston, defendant Robin Warner's mother, testified that she'd worked for Wildwood Florists for 12 to 13 years and was the manager of the business, but did not have a set salary. She stated that she would take $800 per month in cash from the business to cover her bills. She paid no taxes on this money. She stated that she had no idea where the $18,000 came from that her husband used to purchase the property at 2128 Leonard Avenue. She also stated that she had no knowledge of where he got the money to make the monthly mortgage payments for the property. She indicated that a $13,000 deposit in her account at the time she separated from her husband two years previously had come from savings.
 
 
 7
 By order of September 3, 1991, the district court denied appellants' third-party claims to the property. The court found that although Horace and Maxine Johnston were the record owners of 2128 Leonard Avenue because the deed was in their names, they were merely "straw owners" and the actual owner of the property was defendant Robin Warner. The court entered a final order of forfeiture from which appellants timely appealed.
 
 II.
 
 8
 We must decide whether the district court properly ruled that Horace and Maxine Johnston failed to prove their asserted interest in the 2128 Leonard Avenue property.
 
 
 9
 A district court's findings of fact in a forfeiture proceeding are subject to a clearly erroneous standard of review. United States v. 1977 Porsche Carrera, 946 F.2d 30, 33 (5th Cir.1991); United States v. One 1987 Mercedes, 919 F.2d 327, 330 (5th Cir.1990).
 
 
 10
 The property that is the subject of this appeal was criminally forfeited to the United States pursuant to the provisions of 21 U.S.C. § 853. Under the procedures set forth in that section, the district court may amend its order of forfeiture if a third-party petitioner can demonstrate by a preponderance of the evidence that:
 
 
 11
 A. the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
 
 
 12
 B. the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
 
 
 13
 21 U.S.C. § 853(n).
 
 
 14
 In the present case, the district court's findings that appellants lacked a superior right, title or interest in 2128 Leonard Avenue and that appellants were not bona fide purchasers for value must be affirmed by this court on appeal unless these findings are clearly erroneous. A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Appellants claim that they have superior right, title or interest in 2128 Leonard Avenue because they are the record owners in the deed of the property. The district court found, however, that despite this indicia of ownership, there was evidence that appellants Horace and Maxine Johnston were merely "straw owners" and that the property had actually been purchased and the mortgage payments and taxes had been paid by defendant.
 
 
 15
 An examination of the record does not reveal the district court's conclusion to be clearly erroneous. Although Maxine, appellant Horace Johnston's wife, had operated a florist shop business at 2128 Leonard Avenue for "twelve or thirteen years" prior to 1989, Horace Johnston did not purchase the property until 1984 when his step-daughter, defendant Robin Warner, asked him to do so. This was the same year in which defendant's drug-related activities for which she was convicted began. The district court found that Horace Johnston's statement that he used $18,000 of his own money as a down payment to purchase the property was not credible. This is borne out by the record as Johnston at the time made only $3 to $4 an hour and claimed that the money came from his savings, while his wife, Maxine Johnston, testified that she had no idea where the $18,000 used as a down payment came from.
 
 
 16
 The record also indicates that Horace Johnston gave conflicting testimony about who paid the taxes on the property. At defendant's trial, he testified that defendant reimbursed him for paying the property taxes at times. At the forfeiture hearing, he testified that he alone paid for the property taxes and denied that defendant reimbursed him.
 
 
 17
 The district court also found that Horace Johnston's statements about who paid the monthly mortgage payments were not credible because he made inconsistent statements about the payments. At the forfeiture hearing, Mr. Johnston characterized the payments Robin Warner made to him for paying the mortgage as rent, whereas at defendant's trial, he had testified that he had been reimbursed by defendant five times for making the payments and did not know why she did not make the payments directly to the bank herself.
 
 
 18
 There was also testimony indicating Wildwood Florists was not a legitimately run business. Maxine Johnston testified that although she took $800 in cash each month from the cash proceeds of the business in order to pay her bills, she did not pay income tax on this amount. She also stated that she and defendant both wrote checks on her personal checking account although defendant was not formally authorized to do so.
 
 
 19
 All of these facts support the district court's conclusion that although appellants Horace and Maxine Johnston were the record owners of 2128 Leonard Avenue, they were in reality merely straw owners and that the property had actually been purchased and the mortgage payments and taxes had been paid by defendant. Appellants concede that the property was purchased at the request of and for the use and benefit of Robin Warner, the defendant. We believe the district court properly concluded that in spite of the fact that the normal indicia of legal ownership, the deed, indicated that appellants had a legal interest in 2128 Leonard Avenue, they were in reality nothing more than the nominal legal owners of the property.
 
 
 20
 In spite of the fact that the deed was in their names, because of their vague, conflicting, and inconsistent testimony regarding the purchase and mortgage payments for the residence, appellants failed to satisfy the burden imposed on them by 21 U.S.C. § 853 to prove that they have a superior vested legal interest to that of the government. See Braxton v. United States, 858 F.2d 650, 654-55 (11th Cir.1988) (a purchaser of real property, who gave nothing of value for the property is nothing more than a "nominee" of seller and, therefore, not entitled to protection under § 853). For these reasons, the district court is hereby AFFIRMED.