IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50031
Summary Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    versus

ONE 1990 FORD RANGER PICKUP TRUCK,
VIN: 1FTCR10A5LPB67841,

                              Defendant,

JOHNNY MASCORRO,

                              Claimant-Appellant.

_____

Appeal from the United States District Court for
the Western District of Texas
(SA-94-CV-863)
_____

October 23, 1996
Before REAVLEY, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

    In this forfeiture action, appellant Johnny Mascorro appeals

a judgment of forfeiture against a 1990 Ford Ranger pickup truck.

We affirm.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

The government sought forfeiture of the truck on grounds that it was property purchased with the proceeds of illegal drug transactions under 21 U.S.C. § 881(a)(6). Mascorro filed a claim and answer, alleging that he is the owner of the pickup and that the government lacked probable cause to seize the vehicle.

The government moved to dismiss or alternatively for summary judgment, arguing that Mascorro was not the owner of the pickup and therefore lacked standing to challenge the forfeiture. The government argued in the alternative that on the merits the property was subject to forfeiture under the statute even if Mascorro had standing. After Mascorro failed to respond to the motion, the court dismissed his claim for lack of standing. Mascorro then filed a motion for reconsideration and to set aside judgment, arguing that the evidence in the record raised an issue of material fact as to whether he had an interest in the truck sufficient to establish standing. The motion did not address the alternative ground on which the government sought summary judgment, namely that on the merits the truck was subject to forfeiture under § 881(6). The court entered an order granting the request for reconsideration, but ruled in favor of the government. The court again ruled that Mascorro lacked a sufficient ownership interest to confer standing, and also ruled in the alternative that he had failed to establish a defense to forfeiture even if he had standing.

Without reaching the standing issue, we affirm the judgment on the ground that the government established probable cause to seek forfeiture of the vehicle and Mascorro raised no valid defense to forfeiture.  Mascorro points out that the district court did not amend the judgment to indicate this alternative ground for granting summary judgment, and that the judgment states only that judgment is granted against Mascorro for lack of standing.  However, the district court, in ruling on the motion for reconsideration, plainly found that either ground was sufficient to grant summary judgment for the government. Further, we may affirm a summary judgment on any legally sufficient ground, even one not relied upon by the district court.  *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1337 (5th Cir. 1996).

Section 881(6) subjects the truck to forfeiture as a thing of value traceable to the proceeds of the sale of illegal drugs. Under this statute the government bears the initial burden of demonstrating probable cause that a substantial connection exists between the property to be forfeited and a crime under Title 21 of the United States Code.  *United States v. One 1986 Nissan Maxima GL.*, 895 F.2d 1063, 1064 (5th Cir. 1990).  Probable cause means less than prima facie proof but more than mere suspicion. *Id.*  Probable cause can be established by circumstantial or hearsay evidence.  *United States v. One 1987 Mercedes 560 SEL*,

3

919 F.2d 327, 331 (5th Cir. 1990). Once the government establishes probable cause the burden shifts to the claimant to prove that the factual predicates for forfeiture have not been met or that a defense to forfeiture applies. *United States v. 1988 Oldsmobile Cutlass Supreme 2 Door*, 983 F.2d. 670, 674 (5th Cir. 1993).

The government established probable cause for forfeiture with affidavit testimony that (1) Mascorro told the law enforcement officers that the truck belonged to Johnny's Auto Sales; (2) the truck had been sold to Johnny's Auto Sales, (3) Johnny's Auto Sales is a used car business owned by Johnny Trejo; (4) Trejo, who was indicted along with Mascorro on drug charges in another proceeding, spent cash far in excess of the legitimate, marginal revenues of the car business; (5) Trejo was engaged in the distribution and sale of large quantities of cocaine; (6) financial records indicated that the business was shored up from an influx of outside funds; and (7) the truck had been purchased by Trejo and Johnny's Auto Sales during the period that Trejo was involved in illegal narcotics trafficking. Having established probable cause, the burden shifted to Mascorro to offer proof that the truck was not subject to forfeiture because the factual predicates for forfeiture were not present or because he had a personal defense to forfeiture. Mascorro did not

present competent summary judgment evidence that the truck was not subject to forfeiture as purchased with drug proceeds.

Mascorro claimed in his motion to reconsider that he had purchased the truck from Trejo.  However, he conceded in his deposition that record title had never been transferred to his name, and alleged in his verified answer that instead the sale to him was "through the name Johnny's Auto Sales."  The latest title document in the record indicates a transfer of title from Dominique Motor Co. to Johnny's Auto Sales.  In *United States v. 1977 Porsche Carrera 911*, 946 F.2d 30 (5th Cir. 1991), we held that, absent a formal transfer of title in compliance with Texas law, the alleged purchaser of an automobile has at most an equitable possessory interest which does not affect the rights of third parties, and that this interest is subordinate to the government's forfeiture interests.  *Id*. at 34.

AFFIRMED.